# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRELL MORA AND DARLYN MORA** | **CIVIL ACTION NO:**_____ |
| Versus | **SECTION:** |
| **TEXAS PETROLEUM INVESTMENT COMPANY and CAMPBELL CONSULTING SERVICES, LLC** | **DIVISION:** |

## NOTICE OF REMOVAL

**TO:** THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

**PLEASE TAKE NOTICE** that Defendant, Texas Petroleum Investment Company, appearing solely for the purpose of filing this Notice, and reserving all rights, defenses, objections, and claims, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action, which was pending as "Darrell Mora and Darlyn Mora v. Texas Petroleum Investment Company and Campbell Consulting Services, LLC" under the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, bearing Docket Number 136409, to the United States District Court for the Western District of Louisiana. In support of this Notice, Defendant avers as follows:

1.

On January 20, 2022, Plaintiffs Darrell Mora and Darlyn Mora ("Plaintiffs") filed a Petition for Damages in the 16th Judicial District Court for the Parish of St. Mary, bearing Civil Action No. 136409, against Defendants.

2.

Defendant Texas Petroleum Investment Company ("TPIC") was served with the Petition on February 2, 2022. TPIC is a corporation organized under the law of Texas with its principal

place of business located at 5850 San Felipe, Suite 250 in Houston, Texas. Accordingly, for the purposes of federal jurisdiction on the basis of diversity, TPIC is not a Louisiana Citizen.

3.

Defendant Campbell Consulting Services, LLC is a foreign limited liability company organized under the laws of Texas, and maintains its principal place of business at 24 Enchanted Lane in Dayton, Texas. Accordingly, for the purposes of federal jurisdiction on the basis of diversity, Campbell Consulting Services, LLC is not a Louisiana Citizen.

4.

Plaintiffs are persons of full age of majority and domiciled in Abbeville, Louisiana. They are citizens of Louisiana.

5.

Therefore, this matter involves complete diversity between Plaintiffs and Defendants TPIC and Campbell Consulting Services, LLC, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, based upon such diversity of citizenship. Removal is then appropriate under 28 U.S.C. §1441.

6.

As for the second element of diversity jurisdiction, 28 U.S.C. §1332(a)(1) requires that the amount in controversy exceed $75,000.00. Because Plaintiffs filed their lawsuit in Louisiana State court, Plaintiffs are not required to specify the numerical value of claimed damages; and Plaintiffs did not do so in the instant matter. However, a removing defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Wright v. Sears Roebuck & Co.*, 2010 WL 148173, at *2 (W.D. La. Jan. 12, 2010) (citing *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003)) ("To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in

controversy in the removal petition or [summary judgment-type evidence] to show that the amount in controversy is met.").

7.

The Petition alleges damages arising out of a "massive explosion" resulting in Plaintiff Darrel Mora sustaining "serious" and "horrific" burns and orthopedic injuries. Plaintiffs assert they are owed damages for past and future wage loss, past and future physical pain and suffering, past and future mental pain and suffering, scarring and/or loss of enjoyment of life, severe brain injuries, injuries to Plaintiff's neck, shoulder, and arm, in addition to past and future medical expenses. Plaintiff Darlyn Mora, Darrel Mora's wife, has also asserted a claim for loss of support, service, and consortium. Although TPIC does not accept responsibility for the incident, nor concede the evidence will show the damages sought by Plaintiffs are due, it is facially apparent from Plaintiffs' original Petition that the claimed damages exceed the jurisdictional requirement of $75,000.00. *See e.g. Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding the jurisdictional amount in controversy was facially apparent from the original state petition which alleged injuries to wrist, knee, and back, in addition to claims for pain and suffering and a loss of enjoyment of life).

8.

Thirty days have not expired since TPIC was served with the Petition for Damages on February 2, 2022, so this Notice of Removal is timely. *See* Exhibit 1 (Certified Copy of 16th JDC Docket).

9.

Further, Defendant Campbell Consulting Services, LLC consents to the removal of this suit in accordance with 28 U.S.C. §1441(a). *See* Exhibit 2 (Campbell Consulting Services, LLC's Consent to Removal).

10.

Pursuant to 28 U.S.C. §1446(a), a copy of all pleadings and orders in the state court record, including returns on service of process, are also attached *in globo*. See Exhibit 1. These documents constitute all process, pleadings, and orders served at the time of the filing of this removal.

11.

According to 28 U.S.C. §1441, venue is proper for a removed action in "the district of the United States for the district and division embracing the place where such action is pending." As the Petition for Damages was filed in the 16th Judicial District Court for the Parish of St. Mary, which is within the Western District of Louisiana, this District is the proper venue for this civil action.

12.

Promptly after filing this Notice of removal with this Court, TPIC will give notice of the removal to all adverse parties and will file a copy of the Notice of Removal with the Clerk of Court for the 16th Judicial District Court in conformity with 28 U.S.C. §1446(b).

**WHEREFORE,** having met all of the requirements for removal under 28 U.S.C. §§1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. §1332, Texas Petroleum Investment Company gives notice that this case has been removed to the United States District Court for the Western District of Louisiana for further proceedings.

*[signature and certificate of service on following page]*

Respectfully submitted,

**FRILOT L.L.C.**


   */s/ Daniel E. Schwank*
**PATRICK J. McSHANE (#19055)**
**DANICA BENBOW DENNY (#27376)**
**R. PATRICK RAY (#33325)**
**DANIEL E. SCHWANK (#39333)**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3700
Telephone: 504-599-8000
Facsimile: 504-599-8100
pmcshane@frilot.com
dbenbow@frilot.com
pray@frilot.com
dschwank@frilot.com

*Attorneys for Defendant,*
*Texas Petroleum Investment Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have forwarded a copy of the foregoing pleading to all counsel of record, *via* facsimile and/or e-mail transmission, this 3rd day of March, 2022.


   */s/ Daniel E. Schwank*