No. <u>136409</u>

CIVIL

DIVISION G

SIGUR

---

IN THE
**16TH JUDICIAL DISTRICT COURT**
**PARISH OF ST. MARY**
**STATE OF LOUISIANA**

DARRELL  MORA and DARLYN  MORA

VS.

TEXAS PETROLEUM INVESTMENT COMPANY and CAMPBELL CONSULTING SERVICES, LLC

Cause of Action:  DAMAGES

FILED: January 20, 2022

CLIFF DRESSEL, CLERK OF COURT

By: BECKY B. HAYDEL , Dy. Clerk

JAMES P. RYAN
MORROW MORROW RYAN BASSETT & HAIK
P.O. DRAWER 1787
OPELOUSAS, LA  70571-1787
PHONE (337) 948-4483

Attorney For Plaintiff

---

# <u>NOTICE PLEASE</u>

    PLEASE  DO  NOT  REMOVE  ANY  PAPERS  FROM  THIS  FILE.   IF  YOU  ARE INTERESTED IN ONLY ONE PAPER IN THIS CASE THEN TAKE THE ENTIRE FILE WITH YOU SO TO KEEP ALL PAPERS TOGETHER.
    YOU WILL FIND PAPER FILED FIRST IN THIS CASE ON TOP, PAPER FILED NEXT SECOND TO THE TOP AND SO ON THROUGHOUT THE CASE.  ALL PAPERS BEING KEPT IN THE ORDER IN WHICH THEY WERE FILED.

1

# # 136409

## J U R Y    R E P O R T

| JURY TRIAL REQUESTED, PRAYED FOR OR ORDERED (PARTY) | DATE JUROR FILING FEE POSTED | DATE JURY BOND FILED |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## J U D G M E N T    R E P O R T

| DESCRIPTION OF JUDGMENT | DATE RENDERED | COSTS ASSESSED TO: |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

2

# SIXTEENTH JUDICIAL DISTRICT COURT
## FOR THE PARISH OF ST. MARY
## STATE OF LOUISIANA

CASE NO. 1 3 6 4 0 9                    DIVISION _DIV. "G"_

## DARRELL MORA AND DARLYN MORA

### VERSUS

## TEXAS PETROLEUM INVESTMENT COMPANY
## AND CAMPBELL CONSULTING SERVICES, LLC

---

## PETITION FOR DAMAGES

---

NOW INTO COURT, through undersigned counsel, come petitioners, **Darrell Mora and Darlyn Mora**, in the above-entitled action, who file this Petition for Damages against defendants herein and in support thereof, respectfully represent the following:

1.

Petitioners, Darrell Mora and Darlyn Mora, persons of the full age of majority, are domiciled in Abbeville, Louisiana.

2.

Defendant, **Texas Petroleum Investment Company (hereinafter TPIC)**, a foreign corporation, organized under the laws of Texas, qualified to do business in Louisiana, with its principal place of business located at 5850 San Felipe, Suite 250, Houston, Texas 77057; and which may be served with process upon its registered agent, Patrick S. Ottinger, 1313 West Pinhook Road, Lafayette, Louisiana 70503; and

Defendant, **Campbell Consulting Services, LLC (hereinafter Campbell)**, a foreign corporation organized under the laws of Texas, qualified to do business in Louisiana, with its principal place of business located at 24 Enchanted Lane, Dayton, Texas; and which may be served with process upon its registered agent, James D. Chandler, 2004 North Main, Liberty, Texas 77575.

3.

This is a claim for damages arising out an incident which occurred on May 25, 2021 aboard a vessel in navigable waters in St. Mary Parish, Louisiana. On that day, petitioner, Darrell Mora, suffered serious injuries when there was an explosion during well control operations to bring a well blowout under control.

MORROW, MORROW,
RYAN, BASSETT & HAIK
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

**SCANNED**

**JAN 2 5 2022**

3

4.

This is an action for damages brought under the Admiralty Jurisdiction of the United States for a maritime tort. The well control operations occurring at the time of the explosion were conducted by a number of vessels on navigable waters of the United States. The wrongful acts alleged herein occurred on navigable waters of the United States. It is alleged that the well control operations conducted from barges operating in navigable waters of the United States had a maritime nexus in that the ongoing operations had the potential to impact maritime commerce and did impact maritime commerce. As a result of the explosion, it was necessary for vessels to be evacuated from the work site. Navigable waterways were closed while emergency measures were taken to bring the well under control. Measures were also taken to protect navigable waterways from environmental pollution due to the blowout and explosion. The accident complained of satisfies the situs and maritime nexus requirements of Admiralty Jurisdiction.

5.

This action for damages under maritime jurisdiction is brought in State Court under the Savings to Suitors Clause in 28 USCA § 1333. Under the Saving to Suitors Clause, petitioners are entitled to pursue this Maritime Tort action in State Court.

6.

At all times material hereto, TPIC and Campbell were the owners, operators, lessors, charterers, sub-charterers, managers, controllers and/or owners pro hac vice of the Belle Isle #1-69 well and vessels upon which petitioner was working at the time of the incident in the navigable inland waters of Louisiana located in St. Mary Parish, Louisiana.

7.

At all times material hereto, TPIC and Campbell were the owners, operators, lessors, charterers, sub-charterers, managers, controllers and/or owners pro hac vice of the barge vessels upon which petitioner was working at the time of the incident in the navigable inland waters of Louisiana located in St. Mary Parish, Louisiana.


MORROW, MORROW,
RYAN, BASSETT & HAIK
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

- 2 -

SCANNED
JAN 25 2022

4

8.

At all times material hereto, defendants, TPIC and Campbell, were the agents, employees, partners, joint venturer, and/or servant of each other, and were at all times acting within the scope of said agency, employment and partnership, with the approval, ratification and consent of each other at the time of the incident sued upon herein.

9.

At all times material hereto, defendants, TPIC and Campbell, had operational control and custody of the incident well site and all barges upon which petitioner was working at the time of the incident. It is alleged that TPIC was the owner and/or operator of the Belle Isle #1-69 well.

10.

The well at issue in this litigation is known as the Belle Isle #1-69 well, which is located in Louisiana state inland waters in St. Mary Parish, Louisiana.

11.

It is alleged that prior to the accident sued upon, TPIC was conducting a plug and abandonment of its Belle Isle #1-69 well. Upon information and belief, TPIC hired Campbell to oversee the plug and abandonment job on the Belle Isle #1-69 well. Mark Campbell is the owner of Campbell. TPIC hired Campbell to oversee the plug and abandonment of Belle Isle #1-69 well under the direction, supervision and control of TPIC.

12.

Upon information and belief, on or about May 16, 2021, while TPIC and Campbell were performing the plug and abandon operations, a pressure surge occurred and surface well control was lost. In response to the pressure surge, TPIC and Campbell then activated the blind shear rams which temporarily sealed off and prevented gas from escaping the well. The blind shear ram activated was a Dual String Interlocking (DSI) blind shear ram which was rated to handle pressures up to a 10,000 psi working pressure. The working surface pressure on Belle Isle #1-69 well exceeded pressures of 10,000 psi. The blind shear ram was a poor barrier to control the pressure of the well.



MORROW, MORROW,
RYAN, BASSETT & HAIK
A PROFESSIONAL LAW CORPORATION
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

SCANNED

JAN 25 2022

5

13.

After the DSI shear rams were activated to control the pressure surge of Belle Isle #1-69 well, TPIC contracted with Wild Well Control, Inc. to provide well control consulting services to TPIC. It was agreed that the contract to provide these services would be governed by the General Maritime Law of the United States. Petitioner, Darrell Mora, was at all times pertinent hereto an employee of Wild Well Control, Inc. (hereinafter "WWC").

14.

Upon information and belief, employees of WWC asked TPIC personnel and/or the contract company man, Mark Campbell, if a Dual String Interlocking (DSI) blind shear ram was installed on the Belle Isle #1-69 well BOP prior to the incident. Employees of WWC asked if the blind shear rams closed were DSI blind shear rams because of knowledge that this type of shear ram was not rated to handle pressures above 10,000 psi. The TPIC personnel and/or contract company man, Mark Campbell, falsely advised WCC employees that no DSI blind shear ram was installed on the Belle Isle #1-69 BOP. Petitioner would not have agreed to work on the project in the manner chosen had he known that the shear rams holding the pressure on the well was DSI shear ram. Upon information and belief, TPIC personnel and Campbell made intentional false and misleading statements to WWC employees regarding the type of blind shear ram that was installed on the Bell Isle #1-69 blowout preventers and was the only barrier holding pressure on the well when WWC was hired to provide well control services to defendants.

15.

Upon information and belief, on May 19, 2021, WWC employees traveled to the TPIC dock in Morgan City, Louisiana where they were then transported in a crew boat to the Belle Isle #1-69 well site location to evaluate the well site conditions. A number of barges with TPIC employees were already on location for the purpose of regaining well control on Belle Isle #1-69 well.

MORROW, MORROW, RYAN, BASSETT & HAIK

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

- 4 -

SCANNED
JAN 25 2022

6

16.

At the time that Wild Well Control employees arrived on location, the sole well control barrier controlling the pressure on the well was the DSI blind shear ram. WWC employees ordered and had installed a secondary double BOP which was added on top of the BOP stack which existed on Belle Isle #1-69 when WWC employees arrived on location. Due to the working pressure in the well, WWC employees requested that TPIC and Campbell send equipment that could withstand up to 15,000 psi working surface pressures. This secondary double BOP stack was added to the well above the lower BOP stack with the activated DSI shear blind rams. This secondary double BOP provided a second barrier to the downhole pressures after it was installed.

17.

Ongoing efforts to relieve the pressure on the well were unsuccessful. On or about May 23, 2021, the recommendation was made to commence a snubbing operation to secure control of the pressure of the well. At the time that this recommendation was made, there were two double BOP stacks on the well. The lower BOP stack was in place when the pressure surge occurred during plug and abandon operation and consisted of the DSI blind shear rams which had been closed and a pipe ram above the DSI blind shear ram. The second BOP stack was located above the lower double BOP stack and was the BOP stack added at the recommendation of petitioner. At the time that the decision was made to move to a snubbing operation, the well was secured by a "Double Barrier" consisting of the lower BOP double and the upper BOP double.

18.

On May 23, 2021, TPIC and Campbell decided to change the pipe rams on the lower BOP double to blind rams. The decision to change out the pipe ram on the lower BOP was made by TPIC and Campbell. TPIC employees were used to change out these rams. The decision to change out the pipe ram on the lower double resulted in the crew working under a single barrier instead of two barriers. The single barrier was the DSI shear blind ram which defendants had misrepresented to petitioner was not a DSI shear blind ram. The decision to change out the rams on the lower double with only one barrier to control



MORROW, MORROW, RYAN, BASSETT & HAIK
A PROFESSIONAL LAW FIRM
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

SCANNED

JAN 25 2022

7

pressure was negligent and unsafe. The decision to do so with knowledge that the single barrier was not rated to handle the pressures of the well was grossly negligent. Falsely informing Petitioner that the shear rams holding the pressures was not a DSI shear ram was an intentional misrepresentation which constituted gross negligence by defendant.

19.

The method chosen to change out the pipe ram on the lower double was to remove the bonnets from the pipe ram. Once these bonnets were removed and opened, this rendered the upper BOP double ineffective. Furthermore, defendants chose to open a choke line right above the upper BOP double which also rendered the upper BOP ineffective.

20.

Upon information and belief, as the TPIC and Campbell crew were removing and replacing the bonnets from the pipe rams on the lower double, those operations caused the lower blind shear ram to fail and resulted in a blowout of the well on May 23, 2021. Efforts to close the bonnets of the pipe ram were unsuccessful and pressure escaped and was blowing from both sides of the pipe ram where the bonnets had been removed. Pressure also escaped and was blowing down through a choke valve above the lower double BOP which had been opened as part of the work to change the pipe ram to a blind shear ram.

21.

After the blowout occurred, all non-essential personnel were evacuated from the location. All running equipment was shut down to eliminate potential sources of ignition for the uncontrolled gas escaping from the well. All tugboats were unhooked and vessels were evacuated from the location. A containment boom was deployed and the location was boomed off. Wild Well Control mobilized its own equipment, personnel and barges to use in operations to bring the blowout under control.

22.

Upon information and belief, on or about May 25, 2021 at approximately 2:30 p.m. (CST), as the petitioners (and other WWC personnel) were moving to the well site on the FiFi Barge via tugboat under a water curtain (a water curtain is a barrier of water between

MORROW, MORROW,
RYAN, BASSETT & HAIK
ATTORNEYS AT LAW / OPELOUSAS, LA
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

SCANNED
JAN 25 2022

high risk flaring systems and personnel), the Belle Isle #1-69 well ignited and caused a massive explosion. The catastrophic fire and explosion caused serious and horrific burn and orthopedic injuries to petitioner, Darrel Mora.

24.

The said incident was caused by the negligence and gross negligence of defendants, TPIC and Campbell, which acts of negligence consisted primarily of, but not limited to, the following acts of omissions and/or commissions, to-wit:

a) Failing to properly conduct operations to plug and abandon the well which resulted in loss of well control and the need to cut the pipe through use of the shear blind rams;

b) Failing to advise all personnel brought on site that the blind ram used to shear the pipe was not rated for the pressure of the well;

c) Failing to install proper barriers to keep the well from blowing out during operations to control the downhole pressures and safely conclude the plug and abandonment job;

d) Falsely informing Wild Well Control that the blind ram used to shear the pipe was not a DSI blind ram and representing that the blind ram used to shear the pipe had a greater pressure rating than the DSI blind ram which was actually used to shear the pipe;

e) Conducting operations to change pipe rams to blind rams on the lower double BOP which effectively eliminated the second barrier (upper BOP) and resulted in an operation being conducted over a single barrier. (The closed blind ram of the lower double BOP);

f) Opening and removing bonnets to change the pipe rams to blind rams above the closed blind rams which caused the closed blind rams to fail and resulted in the blowout which occurred;

g) Opening the choke line above the lower double BOP which allowed gas to blow downwards after the blowout occurred;



MORROW, MORROW,
RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

SCANNED
JAN 25 2022

9

h)   Opening bonnets to change pipe rams to blind rams and allowing pressure to blow out of these bonnet openings when the sole barrier holding back the pressure failed;

i)   Failing to open up the upper double BOP'S to allow pressures from a blowout to vent upward instead of through the open bonnets and open choke line;

j)   Failing to conduct operations with a minimum of the two barriers in place to control pressures in the event of a blowout;

k)   Conducting operations to change pipe rams to blind rams on the lower double BOP when the decision had already been used to bring in a snubbing unit to regain control of the well;

l)   Failure to warn of a dangerous condition on the well head and the blind ram used to shear the pipe and control down hole pressures;

m)   Failing to use rams in the BOP stack that could withstand working surface pressures in excess of 10,000 psi;

n)   Conducting operations to change pipe rams to blind rams with knowledge that the only barrier in place when that work occurred was a blind ram that could not withstand working surface pressures in excess of 10,000 psi;

o)   Failing to provide equipment requested and necessary to properly control the well;

p)   Placing concerns of time and money on the project over concerns of safety;

q)   Falsely informing WWC employees that SBR shear blind rams were in use on the well and not DSI shear rams.  It is alleged that Mark Campbell and TPIC intentionally misrepresented the type of shear blind ram in use on the well to mislead WWC employees about the pressure capacity of the blind shear ram in use on the project.  Had WWC employees been told the truth about the type of blind shear ram in use on the project, many operations would have been conducted differently and this blowout and resulting explosion would never have occurred;



MORROW, MORROW, RYAN, BASSETT & HAIK

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

SCANNED
JAN 25 2022

- 8 -

r)    Defendants, TPIC and Campbell, recklessly, willfully and/or wantonly caused or contributed to this catastrophic well blowout causing a massive fireball explosion which resulted in horrific burn injuries to your petitioners. The gross and willful conduct of TPIC and Campbell occurred due to their collective and respective disregard for safety by failing to utilize blind shear rams capable of withstanding surface pressures up to 15,000 psi and misrepresenting the capacity of the blind shear rams in use;

s)    Defendants, TPIC and Campbell, recklessly, willfully and/or wantonly caused or contributed to the catastrophic well blowout and subsequent explosion due to their tortious operation and use of the unsafe DSI blind shear rams installed in the lower double BOP stack on the Belle Isle #1-69 well;

t)    Failure to develop and implement safety policies and procedures on the well site for the operations being performed;

u)    Any other acts of negligence which may be proven at trial.

25.

Defendants, TPIC and Campbell, by their conscious and/or deliberate unreasonable acts and/or omissions complained of herein displayed negligence, gross negligence, reckless indifference, willfulness and/or wanton failures to safely and adequately protect petitioners due to defendants' conduct which amounts to gross negligence.

26.

For reasons discussed above, the defendants' conduct described herein constitutes a reckless and willful disregard for the safety and welfare of petitioners harmed by their gross negligence and which subjects defendants, TPIC and Campbell, to punitive damages under the general maritime law.

27.

Petitioner's claim for punitive damages arise under the general maritime law because the defendants' behavior was so egregious as to constitute gross negligence, recklessness and/or a callous disregard which was causative to petitioner's injuries.



MORROW, MORROW, RYAN, BASSETT & HAIK
ATTORNEYS AND COUNSELLORS AT LAW
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

SCANNED
JAN 25 2022

28.

As a result of the incident, petitioner, Darrell Mora, is entitled to recover damages for past and future loss of wages and loss of earning capacity; past and future physical pain and suffering; past and future mental pain and suffering; past and future disability, disfigurement, scarring and/or loss of enjoyment of life; severe burn injuries; neck, shoulder and arm injuries; past and future medical expenses; any other general and/or special damages recoverable under the law in amounts reasonable in the premises.

29.

Petitioner, Darlyn Mora, as a result of the incident involving her husband, Darrell Mora, has suffered a loss of support, services, love, companionship and consortium of her husband, which said damages are continual and which losses came about as a direct and proximate result of the negligence of the defendants, TPIC and Campbell, as set forth above.

30.

At all times material hereto, defendants, TPIC and Campbell, are liable jointly, severally and in solido for the damages sustained by petitioners.

31.

Petitioners, **Darrell Mora and Darlyn Mora** allege that the damages alleged exceed the requisite amount for a trial by jury and hereby request trial by jury on all issues so triable.

**WHEREFORE, PLAINTIFFS, DARRELL MORA AND DARLYN MORA, PRAY** that defendants be served with a copy of this petition and duly cited to appear and answer same and that, after due proceedings are had, there be judgment herein in favor of plaintiffs, and against defendants, **TEXAS PETROLEUM INVESTMENT COMPANY AND CAMPBELL CONSULTING SERVICES, LLC**, for damages as are reasonable in the premises, and for all costs of these proceedings and interest from date of injury until paid.

**PLAINTIFFS FURTHER PRAY** for trial by jury.



MORROW, MORROW, RYAN, BASSETT & HAIK
324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrbhlawoffice.com

SCANNED
JAN 25 2022

12

**PLAINTIFFS FURTHER PRAY** for all general and equitable relief that can be afforded to them by this Honorable Court, under the general maritime law.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

JAMES P. RYAN (#11560)
Email: jamesr@mmrblaw.com
P. CRAIG MORROW (#23536)
Email: craigm@mmrblaw.com
PATRICK C. MORROW
Email: patm@mmrblaw.com
Post Office Drawer.1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
*Attorneys for Plaintiffs*

**Please Serve:**

**Texas Petroleum Investment Company**
Through its Registered Agent for Service of Process
Patrick S. Ottinger
1313 West Pinhook Road
Lafayette, Louisiana 70503

**Campbell Consulting Services, LLC**
Through its Registered Agent for Service of Process
James D. Chandler
2004 North Main
Liberty, Texas 77575

SCANNED

JAN 2 5 2022

RECEIVED AND FILED

JAN 2 0 2022

DY. CLERK OF COURT

- 11 -


MORROW, MORROW,
RYAN, BASSETT & HAIK

324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
*toll free* 800-356-6776
*fax* 337-942-5234
www.mmrbhlawoffice.com

**13**

**SIXTEENTH JUDICIAL DISTRICT COURT**
**FOR THE PARISH OF ST. MARY**
**STATE OF LOUISIANA**

CASE NO. 1 3 6 4 0 9                                DIVISION DIV. "G"

**DARRELL MORA AND DARLYN MORA**

**VERSUS**

**TEXAS PETROLEUM INVESTMENT COMPANY**
**AND CAMPBELL CONSULTING SERVICES, LLC**

---

**REQUEST FOR NOTICE OF TRIAL DATE, ETC.**

---

TO THE CLERK OF THE 16TH JUDICIAL DISTRICT COURT IN AND FOR THE PARISH OF ST. MARY, STATE OF LOUISIANA:

PLEASE TAKE NOTICE that the firm of MORROW, MORROW, RYAN & BASSETT, attorneys for Plaintiff, do hereby request written notice of the date of trial of the above matter, as well as notice of hearings (whether on merits or otherwise), orders, judgment and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of Court, as provided in Louisiana Code of Civil Procedure of 1960, particularly Articles 1572, 1913 and 1914.

RESPECTFULLY SUBMITTED:

**MORROW, MORROW, RYAN, BASSETT & HAIK**

JAMES P. RYAN (#11560)
   Email: jamesr@mmrblaw.com
P. CRAIG MORROW (#23536)
   Email: craigm@mmrblaw.com
PATRICK C. MORROW
   Email: patm@mmrblaw.com
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
*Attorneys for Plaintiffs*

**SCANNED**
**JAN 2 5 2022**

RECEIVED AND FILED

JAN 2 0 2022
DY. CLERK OF COURT

**14**

MORROW, MORROW,
RYAN, BASSETT & HAIK
PROFESSIONAL LAW CORPORATION
324 West Landry Street
Post Office Drawer 1787
Opelousas LA 70571-1787
337-948-4483
Arnaudville 337-754-5680
toll free 800-356-6776
fax 337-942-5234
www.mmrblawoffice.com

-1-

APPENDIX 9.6

**LOUISIANA CIVIL CASE REPORTING**

**Civil Case Cover Sheet - LA. R.S. 13:4688,  Part G, §13 of the Louisiana Supreme Court General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules**

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court.  The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

DARRELL MORA and DARLYN MORA    **vs.**    TEXAS PETROLEUM INVESTMENT COMPANY and CAMPBELL CONSULTING SERVICES, LLC

**Court:** 16th Judicial District Court         **Docket Number:** 1 3 6 4 0 9    DIV. "G"

**Parish of Filing:** ST. MARY         **Filing Date:** JAN 20 2022

**Name of Lead Petitioner's Attorney:** JAMES P. RYAN

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 2         **Number of named defendants:** 2

**Type of Lawsuit:  Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

__Auto: Personal Injury                    __ Auto: Property Damage
__Auto: Wrongful Death                   __ Auto: Uninsured Motorist
__Asbestos: Property Damage              __ Asbestos: Personal Injury/Death
__Product Liability                      __ Premise Liability
__Intentional Bodily Injury              __ Intentional Property Damage
__Intentional Wrongful Death             __ Unfair Business Practice
__Business Tort                          __ Fraud
__Defamation                             __ Professional Negligence
__Environmental Tort                     __ Medical Malpractice
__ Intellectual Property                 __ Toxic Tort
__ Legal Malpractice                     __ Other Tort (describe below)
__ Other Professional Malpractice        __ Redhibition
X  Maritime                              __ Class action (nature of case)
__ Wrongful Death
__General Negligence

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

This is a suit for damages arising out of an incident which occurred on May 25, 2021 aboard a vessel in navigable waters in St. Mary Parish, Louisiana.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:    **SCANNED**

Name  James P. Ryan              Signature _____    JAN 25 2022

Address  P.O. Drawer 1787, Opelousas, LA  70571-1787

Phone number: (337) 948-4483      E-mail address: jamesr@mmrblaw.com

**16**



PATRICK C. MORROW
J. MICHAEL MORROW (1946-1983)
JAMES P. RYAN
JEFFREY M. BASSETT
P. CRAIG MORROW
RICHARD T. HAIK, JR.
TAYLOR J. BASSETT
KATHLEEN E. RYAN
WILLIAM L. RYAN

RICHARD T. HAIK, SR., OF COUNSEL
FORMER FEDERAL AND STATE JUDGE

## MORROW, MORROW, RYAN, BASSETT & HAIK
### PERSONAL INJURY / MARITIME LAW

E-Mail: jamesr@mmrblaw.com

January 18, 2022

324 WEST LANDRY STREET
POST OFFICE DRAWER 1787
OPELOUSAS LA 70571-1787
337-948-4483

LAFAYETTE 337-806-9125
NEW IBERIA 337-256-8562
ARNAUDVILLE 337-754-5680
toll free 800-356-6776
fax 337-942-5234
WWW.MMRBHLAW.COM

Cliff Dressel
Clerk of Court, St. Mary Parish
P.O. Drawer 1231
Franklin, LA 70538

     RE:  *Darrell Mora, et al v. Texas Petroleum Investment Company
         and Campbell Consulting Services, LLC*
         16th JDC – St. Mary Parish

Dear Mr. Dressel:

     In connection with the above captioned matter, enclosed for filing please find the original Petition, Civil Cover Sheet and Request for Notice of Trial Date, etc. Also enclosed are two extra copies of the Petition along with Interrogatories and Request for Production of Documents to be served on the defendants as instructed at the end of the Petition. Please note that the discovery is not to be filed into the record, just served on defendants. I am attaching this firm's check in the amount of $550.00 to cover the costs of filing and service.

     I have enclosed an extra copy of the Petition which I respectfully request you conform and return to the undersigned in the self-addressed stamped envelope provided.

     Thanking you for your usual courtesies and with kind regards, I am

         Sincerely yours,

         MORROW, MORROW, RYAN, BASSETT & HAIK

         JAMES P. RYAN

JPR:cb
Enclosures

**SCANNED**
JAN 25 2022

La Civil form provided    1 conf copy
1-25-22

**15**



# *Cliff Dressel*

Clerk of Court
St. Mary Parish
P. O. Drawer 1231
Franklin, Louisiana 70538-1231
Phone: (337) 828-4100 Ext. 200

Jane C. Pilant
Chief Deputy

Fax:
(337) 828-2509

January 25, 2022

**JAMES P. RYAN**
**MORROW MORROW RYAN BASSETT & HAIK**
**P.O. DRAWER 1787**
**OPELOUSAS, LA  70571-1787**

**DARRELL  MORA, ET AL**
**VS. NO. 136409 Div. "G"**
**TEXAS PETROLEUM INVESTMENT**
**COMPANY, ET AL**

Dear Mr. Ryan,

Please find enclosed a congressionally certified copy of the Citation and Petition issued for service on Campbell Consulting Services, LLC pursuant to Long Arm Statute.

If any further information is needed, please call or write.

Very truly yours,

Dy. Clerk of Court

**Enclosure**

**17**

# CITATION

DARRELL MORA, ET AL

Vs. No. 136409 Div "G"

TEXAS PETROLEUM INVESTMENT
COMPANY, ET AL



STATE OF LOUISIANA

16th JUDICIAL DISTRICT COURT

PARISH OF ST. MARY

To: CAMPBELL CONSULTING SERVICES, LLC, THROUGH AGENT JAMES D. CHANDLER, 2004 NORTH MAIN, LIBERTY, TX 77575

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the 16th Judicial District Court in the St. Mary Parish Court House in the City of Franklin in said Parish within thirty (30) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you. You are also being served **Interrogatories and Request for Production of Documents. (Originals not filed)**

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE AT FRANKLIN, LOUISIANA, JANUARY 25, 2022.

CLIFF DRESSEL
Clerk of Court
St. Mary Parish, Louisiana
16th Judicial District Court

JENNIFER R. SPLANE

_____
Deputy Clerk of Court
JRS

SPACE BELOW FOR SHERIFF'S RETURN

(CERTIFIED COPY OF THE CITATION AND PETITION FORWARDED TO JAMES P. RYAN, ATTY. FOR SERVICE PURSUANT TO LONG ARM STATUTE.)

[ FILE COPY ]                                                                18

# CLIFF DRESSEL
## CLERK, ST. MARY PARISH
## P. O. DRAWER 1231
## FRANKLIN, LOUISIANA 70538

Date Mailed: JANUARY 25, 2022

TO:

LAFAYETTE PARISH SHERIFF
P.O. DRAWER 3508
LAFAYETTE, LA 70502-


DARRELL  MORA, ET AL

Vs.  NO. 136409 DIV G

TEXAS PETROLEUM INVESTMENT COMPANY, ET AL


The following listed items have been issued for service.  After service is made, please send your return stating the type of service along with your statement of cost.  If service can not be made, please state reason.  Thank you for your prompt attention.


<u>CITATION AND PETITION issued for service on:    TEXAS PETROLEUM INVESTMENT COMPANY, THROUGH AGENT PATRICK S. OTTINGER, 1313 WEST PINHOOK ROAD, LAFAYETTE, LA  70503</u>


CLIFF DRESSEL
Clerk of Court
St. Mary Parish, Louisiana
16th Judicial District Court


Deputy Clerk of Court

**19**

# CITATION

| | | |
|---|---|---|
| DARRELL MORA, ET AL |  | STATE OF LOUISIANA |
| Vs. No. 136409 Div "G" | | 16th JUDICIAL DISTRICT COURT |
| TEXAS PETROLEUM INVESTMENT COMPANY, ET AL | | PARISH OF ST. MARY |

To: TEXAS PETROLEUM INVESTMENT COMPANY, THROUGH AGENT PATRICK S. OTTINGER, 1313 WEST PINHOOK ROAD, LAFAYETTE, LA 70503

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the 16th Judicial District Court in the St. Mary Parish Court House in the City of Franklin in said Parish within THIRTY (30) days after the service hereof.  Your failure to comply herewith will subject you to the penalty of entry of default judgment against you. You are also being served with **Interrogatories and Request for Production of Documents. (Originals not filed.)**

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE AT FRANKLIN, LOUISIANA, JANUARY 25, 2022.

CLIFF DRESSEL
Clerk of Court
St. Mary Parish, Louisiana
16th Judicial District Court

_____
*Deputy Clerk of Court*
*JRS*

SPACE BELOW FOR SHERIFF'S RETURN

13499                  2

# CITATION

DARRELL MORA, ET AL

Vs. No. 136409 Div "G"

TEXAS PETROLEUM INVESTMENT COMPANY, ET AL



STATE OF LOUISIANA

16th JUDICIAL DISTRICT COURT

PARISH OF ST. MARY

To: TEXAS PETROLEUM INVESTMENT COMPANY, THROUGH AGENT PATRICK S. OTTINGER, 1313 WEST PINHOOK ROAD, LAFAYETTE, LA 70503

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the 16th Judicial District Court in the St. Mary Parish Court House in the City of Franklin in said Parish within THIRTY (30) days after the service hereof.  Your failure to comply herewith will subject you to the penalty of entry of default judgment against you. You are also being served with **Interrogatories and Request for Production of Documents. (Originals not filed.)**

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE AT FRANKLIN, LOUISIANA, JANUARY 25, 2022.

L.R.S.C. Badge# ___13499___

ACTUAL SERVICE MILEAGE ___3.6___



RECEIVED
JAN 27 2022
Lafayette Parish
Sheriff Office

**CLIFF DRESSEL**
Clerk of Court
St. Mary Parish, Louisiana
16th Judicial District Court

*Deputy Clerk of Court*
*JRS*

### SPACE BELOW FOR SHERIFF'S RETURN

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF'S OFFICE

DATE SERVED ___2/2___, 20 ___22___
SERVED _____
PERSONAL (x ___Shirley___         @ 10:22
DOMICILIARY ON ( ) _____
DEPARTMENTAL ON ( ) _____
UNABLE TO LOCATE ( ) MOVED ( ) _____
OTHER REASON FOR UTL _____
COST: SERVICE ___30___ MILEAGE ___202___ TOTAL ___32.02___
DEPUTY ___DBoudreaux___   13499

[ ORIGINAL ]

RECEIVED
FEB 07 2022
CLIFF DRESSEL CLERK OF COURT
ST. MARY PARISH, LA
SCANNED
FEB 09 2022

21

## NOTICE OF SERVICE

**DARRELL MORA, ET AL**

**Vs. No. 136409 Div "G"**

**TEXAS PETROLEUM INVESTMENT COMPANY, ET AL**



**STATE OF LOUISIANA**

**16ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF ST. MARY**

JAMES P. RYAN
MORROW MORROW RYAN BASSETT & HAIK
P.O. DRAWER 1787
OPELOUSAS, LA 70571-1787

Pleading Served: CITATION AND PETITION

Party Served: TEXAS PETROLEUM INVESTMENT COMPANY, THROUGH AGENT PATRICK S. OTTINGER

Date Served: WEDNESDAY, FEBRUARY 02, 2022

Type of Service: PERSONAL - SHIRLEY

Notified on: February 9, 2022

CLIFF DRESSEL
Clerk of Court
St. Mary Parish, Louisiana
16ᵗʰ Judicial District Court

*Becky B. Haydel*

Deputy Clerk of Court

STATE OF LOUISIANA

PARISH OF ST. MARY

I, MARY L. MARTIN, Deputy Clerk of Court, Sixteenth Judicial District Court, Parish of St. Mary, Louisiana, ex-Officio Deputy Recorder thereof, do hereby certify that the foregoing 22 pages numbered from 1 to 22, inclusively, is a true and correct certified copy of the entire proceeding entitled DARRELL MORA AND DARLYN MORA VS TEXAS PETROLEUM INVESTMENT COMPANY AND CAMPBELL CONSULTING SERVICES, LLC Docket Number 136409, of the CIVIL Docket of the Sixteenth Judicial District Court, Parish of St. Mary, Louisiana.

In Evidence whereof, witness my official signature and impress of the seal of my office, this 16TH day of FEBRUARY, 2022, A.D., at Franklin, Louisiana, Parish of St. Mary.

MARY L. MARTIN
Deputy Clerk of Court
16th Judicial District Court
Parish of St. Mary
Franklin, Louisiana