UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DARRELL MORA ET AL | CIVIL ACTION NO.  6:22-CV-00615 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TEXAS PETROLEUM INVESTMENT CO ET AL | MAGISTRATE JUDGE DAVID J. AYO |

## MEMORANDUM RULING AND ORDER

Before the Court is a MOTION TO COMPEL DISCOVERY DEPOSITIONS OF WITNESSES RECENTLY DISCLOSED BY DEFENDANTS OR TO EXCLUDE THESE WITNESSES FROM TESTIFYING AT TRIAL filed by Plaintiffs Darrel Mora and Darlyn Mora ("the Moras"). (Rec. Doc. 41).  Defendants Texas Petroleum Investment Company ("TPIC") and Campbell Consulting Services, LLC ("Campbell") filed an opposition (Rec. Doc. 45) to which the Moras replied (Rec. Doc. 46).  The motion is fully briefed and ripe for ruling.  For the reasons below, the motion is GRANTED.

I.      Factual and Procedural Background

This matter arises from a May 25, 2021 explosion in which Darrell Mora was injured while he was working for Wild Well Control, Inc. (Wild Well) to bring a well blowout on the Belle-Isle #1-69 oil well under control.  (Petition for Damages, Rec. Doc. 1-1).  On January 20, 2022, the Moras filed suit in the 16th Judicial Court, St. Martin Parish, Louisiana, against TPIC as alleged owner of the Belle-Isle #1-69 and as the party who contracted with Campbell to plug and abandon the well and against Campbell who contracted with Wild Well to provide well control services to TPIC.  *Id*. at ¶¶ 6-11.

1

TPIC removed the case to this Court on March 3, 2022. (Rec. Doc. 1). The Moras filed the instant motion to compel discovery depositions beyond the September 1, 2023, discovery deadline on the grounds that Defendants had filed supplemental discovery responses on August 31, 2023, listing five witnesses who had not been deposed. Defendants agreed to the deposition of one of the witnesses who had not been identified in the initial disclosure but refused to agree to the depositions of the other four witnesses on the grounds that they had been identified in the initial disclosure. (Rec. Doc. 45). On October 12, 2023, the Court ordered the parties to confer as required by Federal Rule of Civil Procedure 37(a)(1) in order to attempt to resolve this matter without the Court's action. (Rec. Doc. 62). The parties did not resolve this matter. (Rec. Docs. 63, 64).

## II.     Applicable Standards and Analysis

At the outset, the Court notes that the Moras styled the instant motion as a motion to compel beyond the discovery deadline or to exclude the witnesses from trial. The Court will construe the motion as seeking to extend the discovery deadline as to the four witnesses at issue, namely, Chris Sanfilippo, T.J. Trahan, Adam Gregoire, and Carlton Burleson, who were listed on the initial disclosures but not identified as potential witnesses at trial until the day before the deadline.

"District courts have broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). *See also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery."). Based on the circumstances

presented in this matter, the Court will extend the discovery deadline to allow the Moras to depose Chris Sanfilippo, T.J. Trahan, Adam Gregoire, and Carlton Burleson to January 31, 2024. The Court is mindful that attorneys generally endeavor to be efficient in the discovery process and do not depose every witness identified in an opponent's initial disclosures. As the case develops through depositions of other witnesses, communications among counsel, or mediations such that the complexion of the case evolves, a witness that was not initially deposed may in fact have relevant information to provide. Such is the case here, and the Moras' request is reasonable enough.

### III. Conclusion

Based on the foregoing,

IT IS ORDERED that Plaintiff's MOTION TO COMPEL DISCOVERY DEPOSITIONS OF WITNESSES RECENTLY DISCLOSED BY DEFENDANTS OR TO EXCLUDE THESE WITNESSES FROM TESTIFYING AT TRIAL (Rec. Doc. 41) is GRANTED and the Moras are permitted to take the depositions of Chris Sanfilippo, T.J. Trahan, Adam Gregoire, and Carlton Burleson prior to January 25, 2024.[1]

Signed in chambers this 10th day of January, 2024.



David J. Ayo
United States Magistrate Judge

---

[1] The parties are reminded of the January 25, 2024, deadline in the revised Scheduling Order for trial depositions and to consider that deadline if the depositions sought to be taken will be used as trial depositions. (Rec. Doc. 76).

3