UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DARRELL MORA, ET AL. | CIVIL ACTION NO. 22-0615 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TEXAS PETROLEUM INVESTMENT COMPANY, ET AL. | MAGISTRATE JUDGE AYO |

**MEMORANDUM ORDER**

Plaintiff Darlyn Mora seeks damages for loss of society under general maritime law. She is seeking a money judgment against Defendants TPIC and CCS for loss of consortium damages resulting from the injuries to her husband, Darrell Mora. She submits that general maritime law authorizes the wife of an injured worker aboard a vessel in state territorial waters to maintain an action for damages for the loss of her husband's society. See American Export Lines, Inc. v. Alvez, 446 U.S. 274 (1980).

Conversely, Defendants argue that as a matter of law, loss of society is not available under general maritime law for personal injury cases. Defendants maintain that damages under general maritime law are limited to pecuniary losses, and an injured party's spouse is not entitled to an independent claim of loss of society under the general maritime law. See Bland v. Omega Protein, Inc., No. Civ.A 14-0127, 2014 WL 7179379, *3 (W.D. La. Dec. 15, 2014); In re Fleet, No. Civ.A 16-12297, 2017 WL 4574198, *2 (E.D. La. Oct. 13, 2017).

While this issue has not been raised in a formal motion before the Court, it is a legal issue referenced in the Revised Pretrial Order (Record Document 93) and in the jury instruction submissions (Record Document 84-2 at 11 and Record Document 84-3 at 4-5). The parties agree that this is a legal issue to be resolved by the Court.

Here, the Court must concur with Defendants and finds – as a matter of law – that loss of society damages are not available to Plaintiff Darlyn Mora in this case under general maritime law. In Murray v. Anthony J. Bertucci Const. Co., Inc., 958 F.2d 127 (5th Cir. 1992), the court discussed the Supreme Court's decision in Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317 (1990), and held:

> [W]e follow the Supreme Court's lead in Miles and hold that the spouse of an injured seaman has no cause of action for loss of society under the general maritime law. A panel of this court has recently so held. See Michel v. Total Transp., Inc., 957 F.2d 186, 191 (5th Cir.1992).

Murray, 958 F.2d at 132; see also In Carnival Cruise Lines v. Red Fox Indus., Inc., 813 F. Supp. 1185 (E.D. La. 1993) (nonemployer not liable for loss of consortium in a DOSHA action); Ellender v. John E. Graham & Co., 821 F.Supp. 1136 (E.D.La.1992) (no loss of consortium against a nonemployer general maritime law defendant); Duplantis v. Texaco, Inc., 771 F.Supp. 787 (E.D.La.1991). Based on this line of case, the Court finds loss of society/loss of consortium damages are not available to Plaintiff Darlyn Mora.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Lafayette, Louisiana, this 30th day of April, 2024.

United States District Judge

2