**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| DARRELL MORA, ET AL. | CIVIL ACTION NO. 22-0615 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TEXAS PETROLEUM INVESTMENT COMPANY, ET AL. | MAGISTRATE JUDGE AYO |

## JURY INSTRUCTIONS

### JURY INSTRUCTION NO. 1

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for Plaintiffs or Defendants in arriving at your verdict.

**JURY INSTRUCTION NO. 2**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

**JURY INSTRUCTION NO. 3**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**JURY INSTRUCTION NO. 4**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**JURY INSTRUCTION NO. 5**

Plaintiffs Darrell Mora and Darlyn Mora have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claims by a preponderance of the evidence, then they may not recover on that claim.

**JURY INSTRUCTION NO. 6**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**JURY INSTRUCTION NO. 7**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**JURY INSTRUCTION NO. 8**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**JURY INSTRUCTION NO. 9**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**JURY INSTRUCTION NO. 10**

The standard of care in maritime negligence cases is reasonable care under existing circumstances. More specifically, under general maritime law, a plaintiff is owed a duty of ordinary care under the circumstances.

To prevail on his negligence claim, Plaintiff Darrell Mora must prove that Texas Petroleum Investment Company ("TPIC") and/or Campbell Consulting Services, LLC ("CCS") (1) owed a duty to him, (2) breached that duty, (3) that the breach actually and proximately caused his injuries, and (4) that he sustained an injury.

This first element – duty – is a question of law and has already been decided by the Court. Thus, you as the jury, must consider and decide elements two through four.

**JURY INSTRUCTION NO. 11**

A defendant's failure to fulfill a duty of care does not breach that duty unless the resultant harm is reasonably foreseeable. Harm is a foreseeable consequence of an act or omission if harm of a general sort to persons of a general class might have been anticipated by a reasonably thoughtful person, as a probable result of the act or omission, considering the interplay of natural forces and likely human intervention. However, the defendant must have knowledge of a danger, not merely possible, but probable. When the causal connection between the alleged negligence and the resulting harm is too attenuated, it falls outside the scope of risk created by that conduct and is unforeseeable. The mere possibility of injury does not create a duty. Rather, the injury must be a probable result of the negligent conduct.

**JURY INSTRUCTION NO. 12**

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

Under the general maritime law, Plaintiff Darrell Mora must show not merely that the negligence of the Defendants was a cause of the injury, but that such negligence was a proximate cause of the injury. This means that Plaintiff must show that the negligence in question played a substantial part in bringing about or actually causing his injury and that the injury was either a direct result or a reasonably probable consequence of the negligence.

**JURY INSTRUCTION NO. 13**

The common law negligence doctrine of superseding cause applies to general maritime negligence claims. Under the superseding cause doctrine, a party may not be liable for admittedly

negligent conduct. The doctrine is invoked when a defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable.

In order for an intervening act to be a superseding cause, thereby breaking the chain of causation: (1) the intervening force must bring about a harm that is different in kind from that which would otherwise have resulted from the actor's negligence; and (2) the intervening force must not be a normal result of the original actor's negligence.

**JURY INSTRUCTION NO. 14**

The next few instructions pertain to the relationship between TPIC and CCS, and the relationship between TPIC and Wild Well Control, Inc. ("WWC").

In order to determine whether a principal-independent contractor relationship exists, you may consider the following:

(1) Whether there existed a valid contract between the parties;

(2) Whether the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;

(3) Whether the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered;

(4) Whether there is a specific price for the overall undertaking agreed upon; and

(4) Whether the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.

**JURY INSTRUCTION NO. 15**

A principal is not liable for the negligent acts of an independent contractor acting pursuant to the contract.

A principal is not liable for injuries sustained by its independent contractor when the independent contractor created the hazard. A principal does not create the hazard when it does not control the operation of the particular activity during which the plaintiff was allegedly injured.

**JURY INSTRUCTION NO. 16**

A principal, such as TPIC, is generally not liable for the negligent acts of its independent contractors, such as CCS or WWC. However, when a principal "retains" or "exercises" operational control over the independent contractor's acts, then the principal remains vicariously liable.

Operational control requires evidence of direct supervision by the principal over the step-by-step process of accomplishing the work. That standard is not met merely because the principal contractually retained general rights—for example, the right to order the work stopped or resumed, inspect its progress, receive reports, or demand that an independent contractor develop and implement safety procedures. Neither is that standard met merely because a principal keeps a representative physically present at the jobsite to ensure compliance with the contract.

**JURY INSTRUCTION NO. 17**

Normally one person is not responsible for the conduct of another person who may have caused damage to someone. But in certain situations, the law imposes responsibility upon a person

or entity for the conduct of another, if they are in a relationship which can serve as an appropriate basis for imposing such responsibility. The law calls this "vicarious liability," which simply means that one person may be liable for the acts of another even though that first person is not itself at fault.

**JURY INSTRUCTION NO. 18**

An employer is liable for the damages caused by the fault of its employee, if the incident occurs while the employee is exercising the functions for which he was employed. An employer is liable for the negligence of its employee which is committed in the course and scope of his employment. The "course of" employment refers to the time and place, while the "scope of" employment refers to being engaged in the functions for which the employee is employed by the employer. Such negligence is in the course and scope of employment if it is so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely outside the employer's business.

Generally, therefore, an employee's conduct is within the course and scope of his employment if the conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve his employer.

**JURY INSTRUCTION NO. 19**

In determining whether an employee's conduct is employment-rooted, you are to consider several factors including:

(1) payment of wages by the employer;

(2) the employer's power of control;

(3) the employee's duty to perform the particular act;

(4) the time, place, and purpose of the act in relation to serving the employer;

(5) the relationship between the employee's act and the employer's business;

(6) the benefits received by the employer from the act;

(7) the motivation of the employee for performing the act; and

(8) the reasonable expectation of the employer that the employee would perform the act.

**JURY INSTRUCTION NO. 20**

As you will see from the jury verdict form which I will give you shortly, you will be asked to determine, in separate questions, the percentage of fault, if any, of specific individuals or entities, and whether that fault was a proximate cause of the damages claimed by Plaintiff Darrell Mora. Although the total percentage of fault which you may assign to these individuals or entities must equal 100% in the end, you should consider each of these questions separately. For example, if you decide that a given individual should be assigned a percentage of fault, you should not include that fault in any percentage you might assign to his employer, even though the law might make the employer responsible for what the employee did. Your consideration of any fault of the employer should be independent of your consideration of the fault of the employee, if any, and must be based on evidence of the employer's fault, if any, other than simply what the employee did.

**JURY INSTRUCTION NO. 21**

A worker performing duties in the course of employment must exercise some responsibility for safety in the face of unavoidable risks that do not arise out of negligence, and a worker cannot recover for injuries resulting solely from inherent and unavoidable risks.

**JURY INSTRUCTION NO. 22**

Defendants TPIC and CCS contend that Darrell Mora was negligent and that Darrell Mora's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. Darrell Mora's negligence will be considered a cause of the injury if it played a part in bringing about his injury. Defendants have the burden of proving that Darrell Mora was contributorily negligent. If Darrell Mora's negligence contributed to his injury, he may still recover damages, but the amount of his recovery will be reduced by the extent of his contributory negligence.

If you find that TPIC or CCS was negligent, and that the negligence was a proximate cause of Darrell Mora's injury, but you also find that the accident was due partly to Darrell Mora's contributory negligence, then you must determine the percentage of Darrell Mora's negligence that contributed to the accident. You will provide this information by filling in the appropriate blanks in the jury verdict form. Do not make any reduction in the amount of damages that you may award to Plaintiff Darrell Mora. It is my job to reduce any damages that you award by any percentage of contributory negligence that you assign to Darrell Mora or any other non-party.

**JURY INSTRUCTION NO. 23**

If Plaintiffs have proved their claims against Defendants TPIC or CCS by a preponderance of the evidence, you must determine the damages to which Plaintiffs Darrell Mora and Darlyn Mora are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendants TPIC or CCS are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants TPIC or CCS are liable and that Plaintiffs Darrell Mora and Darlyn Mora are entitled to recover money damages from Defendants TPIC or CCS.

**JURY INSTRUCTION NO. 24**

If you find that Defendants TPIC or CCS are liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of Plaintiff Darrell Mora's damages. You also will be asked to determine if Defendants TPIC or CCS are liable for punitive damages. Because the methods of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages. The instructions I give you now apply only to your consideration of compensatory damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make Plaintiffs whole, or to restore them to the position they would have been in if the accident had not happened.

In determining compensatory damages, you should consider only the following elements, to the extent you find that Plaintiff Darrell Mora has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of Plaintiff Darrell Mora's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of Plaintiff Darrell Mora's earning capacity due to his physical condition; past medical expenses; and the reasonable value, not exceeding actual cost to Plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that Plaintiff Darrell Mora is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First, you should consider loss after income taxes; that is you should determine the actual or net income that Plaintiff Darrell Mora has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the Plaintiff Darrell Mora only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Plaintiff Darrell Mora if he received the amount today than if he received the same amount in the future. If you decide to award Plaintiff Darrell Mora an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk-free investment and deducting that amount from the gross future earning award. However, some of these damages, such as mental or physical pain and suffering, are intangible things about which

no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate Plaintiff Darrell Mora for his injuries.

**JURY INSTRUCTION NO. 25**

You may award damages for any bodily injury that Plaintiff Darrell Mora sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that Plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Darrell Mora for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

**JURY INSTRUCTION NO. 26**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.

If you find Defendants TPIC or CCS are liable and Plaintiff Darrell Mora has suffered damages, Plaintiff Darrell Mora may not recover for any item of damage which he could have avoided through reasonable effort. If you find that Defendants proved by a preponderance of the evidence Plaintiff Darrell Mora unreasonably failed to take advantage of an opportunity to lessen

his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff Darrell Mora acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendants have the burden of proving the damages that Plaintiff Darrell Mora could have mitigated. In deciding whether to reduce Plaintiff Darrell Mora's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendants TPIC and CCS have satisfied their burden of proving that Plaintiff Darrell Mora 's conduct was not reasonable.

**JURY INSTRUCTION NO. 27**

In addition to the damages that Plaintiff Darrell Mora claims, Plaintiff Darlyn Mora seeks damages for the loss of society with her husband, Darrell Mora, which she claims she has suffered as a result of the accident.

The spouse of an injured person may recover damages for loss of society if she proves by a preponderance of the evidence that she has suffered the loss of society with her husband and that the loss of society was caused by injuries to her husband that are attributable to Defendants' fault.

Loss of society covers only the loss of love, affection, care, attention, comfort, protection, and sexual relations the spouse has experienced. It does not include loss of support or loss of income that the spouse sustains. And it does not include grief or mental anguish.

If you find by a preponderance of the evidence that Darlyn Mora suffered the loss of society with her husband, Darrell Mora, as a result of injuries caused by Defendants' fault, you may award her damages for loss of society. If, on the other hand, you find from a preponderance of the evidence that Darlyn Mora did not sustain loss of society with Darrell Mora as a result of injuries attributable to Defendants' fault, then you may not award damages for loss of society.

You may not award damages for any injury or condition from which Darlyn Mora may have suffered, or may now be suffering, unless Darlyn Mora has proved by a preponderance of the evidence that the accident proximately or directly caused that injury or condition.

**JURY INSTRUCTION NO. 28**

You may, but are not required to, award punitive damages against a defendant if that defendant has acted willfully and wantonly. The purpose of an award of punitive damages is to punish the defendant and to deter it and others from acting as it did.

A defendant's action is willful or wanton if it is in reckless or callous disregard of, or with indifference to, the rights of the plaintiff. An actor is indifferent to the rights of another, regardless of the actor's state of mind, when it proceeds in disregard of a high and excessive degree of danger that is known to it or was apparent to a reasonable person in its position.

Plaintiffs have the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. At this stage, you are only required to determine if you believe Defendant TPIC's or Defendant CCS's actions were willful or wanton

meaning it was in reckless or callous disregard of, or with indifference to, the rights of Plaintiff Darrell Mora.

**JURY INSTRUCTION NO. 29**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

When you go into the jury room to deliberate, you may take with you a copy of this charge and the exhibits that I have admitted into evidence. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.